STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
                                                        Docket No. 119-9-16 Vtec

| Pelkey Subdivision Amendment |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Subdivision (119-9-16 Vtec)

Title:          Motion for Attorney's Fees (Motion 4)

Filer:          Town of Westford

Attorney:       John H. Klesch

Filed Date:     February 14, 2019

Response in Opposition filed on 03/08/2019 by Attorney Brian P. Monaghan for Appellants Theodore and Michelle Pelkey

**The motion is DENIED.**

The present motion relates to a Corrected Stipulated V.R.C.P. 58 Judgment Order issued by this Court on June 21, 2017. This Corrected Judgement Order memorializes a settlement agreement between Appellants Theodore and Michelle Pelkey ("Appellants") and the Town of Westford ("Town") pertaining to Appellants' request to modify the building envelope depicted on his approved subdivision plan. Appellants filed a motion to reopen and enforce the Corrected Judgment Order on January 17, 2019. We respond to the substantive assertions in their motion in a separate Entry Order that issues alongside the present Order. We here consider the Town's motion for attorney's fees, which is premised on the assertion that Appellants' motion to reopen is frivolous, vexatious, or advanced for an improper purpose.

When considering whether attorney's fees are appropriate, Vermont's courts generally follow the "American Rule," which requires parties to bear their own legal costs, unless a statute or contract term provides otherwise. DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001).

The Town does not argue that a statutory provision or the Corrected Judgment Order obligate Appellants to pay its attorney's fees. Instead, the Town argues for fees under a rarely-applied exception to the American Rule, which provides trial courts with discretion to sanction parties in the form of attorney's fees reimbursement for "bad faith or vexatious actions or conduct which is unreasonably obdurate or obstinate." Agency of Nat. Res. v. Lyndonville Sav. Bank & Tr. Co., 174 Vt. 498, 500 (2002) (citing Cameron v. Burke, 153 Vt. 565, 576 (1990)). This exception to the American Rule is only appropriate in "exceptional cases as justice requires." Cameron, 153 Vt. at 576.

While we ultimately deny Appellants' motion to reopen in the contemporaneous Entry Order, we conclude that the motion was not so spurious as to qualify this case as exceptional. The record does not contain any indications of malicious intent or bad faith. See, e.g., Lamoille Valley Prop. Owners Assoc. v. Fuss, No. 2005-362, slip op. at 3 (Vt. Mar. 2006) (mem.). We therefore decline to bypass the well-settled American Rule.

**So Ordered.**

Electronically signed on June 28, 2019 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Brian P. Monaghan (ERN 1186), Attorney for Appellants Theodore and Michelle Pelkey
John H. Klesch (ERN 2043), Attorney for the Town of Westford
Interested Person Thomas White